Anna Y. Park, CA SBN 164242
Michael J. Farrell, CA SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone:  (213) 894-1108
Facsimile:  (213) 894-1301
Email: lado.legal@eeoc.gov

Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2300 Tulare Street, Suite 215
Fresno, CA 93721
Telephone: (559) 487-5135
Facsimile: (559) 487-5053

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>Hotspur Resorts Nevada, Ltd. d/b/a JW Marriott Las Vegas Resort, Spa & Golf, Hotspur Resorts Nevada, Inc., and Does 1 – 10 Inclusive,<br><br>Defendants. | Case No.: 2:10-CV-02265-RCJ-(GWF)<br><br>**FIRST AMENDED COMPLAINT— TITLE VII**<br>• **Sexual Harassment**<br><br>**JURY TRIAL DEMAND** |

-1-

Case No.: 2:10-CV-02265-RCJ-(GWF)

**NATURE OF THE ACTION**

This is an employment discrimination action brought by the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Philomena Foy, Doris Allen and other similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity in Paragraph 10 herein, the Commission alleges that Defendant Hotspur Resorts Nevada, Ltd. d/b/a JW Marriott Las Vegas Resort, Spa & Golf, Hotspur Resorts Nevada, Inc., and Does 1-10 (collectively referred to herein as "Defendants"), subjected Claimants Foy and Allen, as well as other similarly situated female employees, to unwelcome verbal and physical sexual conduct which was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and create a hostile work environment.

**JURISDICTION AND VENUE**

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada.

**PARTIES**

3.   Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6.

4.   At all relevant times, Defendant Hotspur Resorts Nevada, Inc. has continuously

1  been an employer engaged in an industry affecting commerce within the meaning of
2  Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).
3      5.   At all relevant times Defendant Hotspur Resorts Nevada, Inc. has continuously
4  been doing business in the State of Nevada and the City of Las Vegas, and has continuously had
5  at least 15 employees.
6      6.   Since 2005, Defendant Hotspur Resorts Nevada, Ltd. has continuously been an
7  employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g)
8  and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).
9      7.   Since 2005, Defendant Hotspur Resorts Nevada, Ltd. has been a Nevada
10 corporation continuously doing business in the State of Nevada and the City of Las Vegas, and
11 has continuously had at least 15 employees.
12     8.   All of the acts and failures to act alleged herein were duly performed by and
13 attributable to all Defendants, including Defendants DOES 1 to 10, each acting as a successor,
14 agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or
15 under the direction and control of the others, except as specifically alleged otherwise.  Said acts
16 and failures to act were within the scope of such agency and/or employment, and each
17 Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other
18 Defendants complained of herein.  Whenever and wherever reference is made in this Complaint
19 to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to
20 mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.
21     9.   Plaintiff is ignorant of the true names and capacities of each Defendant sued as
22 DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by
23 fictitious names.  Plaintiff reserves the right to amend the Complaint to name each DOE
24 defendant individually or collectively as they become known.  Plaintiff alleges that each DOE
25 defendant was in some manner responsible for the acts and omissions alleged herein and
26 Plaintiff will amend the complaint to allege such responsibility when the same shall have been
27 ascertained by Plaintiff.
28

-3-

Case No.: 2:10-CV-02265-RCJ-(GWF)

**STATEMENT OF CLAIMS**

10. More than thirty days prior to the institution of this lawsuit, Claimants Philomena Foy and Doris Allen filed charges with the Commission alleging violations of Title VII by Defendant Marriott. The Commission issued a Letter of Determination on each charge finding that the Charging Parties and similarly situated individuals were subjected to unlawful employment discrimination based upon their sex, female, in violation of Title VII. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least August 2003, Defendants have engaged in unlawful employment practices at their Las Vegas, Nevada facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when they subjected Claimants Foy and Allen, and similarly situated female employees, to unwelcome sexual conduct by a male coworker who became a management official (the "Discriminating Official") which was sufficiently severe and pervasive to adversely affect the terms and conditions of their employment and create a hostile, abusive work environment.

    a) The sexual harassment included, but was not limited to, the Discriminating Official forcibly placing the hands of female employees on his penis; groping their breasts and buttocks; rubbing his crotch into their buttocks; placing his tongue into their ears; and regularly making vulgar, offensive and sexually graphic remarks to them.

    b) The sexual harassment was unwelcome. Claimants Foy and Allen and other similarly situated female employees were offended by the Discriminating Official's sexual conduct and rebuffed his repeated sexual advances.

    c) The sexual harassment was sufficiently severe and pervasive to create a

hostile work environment. The sexual conduct occurred frequently throughout the tenures of Claimants Foy and Allen. The conduct was also severe as it included highly offensive physical touching of a sexual nature and sexually graphic remarks.

    d) Defendants are liable for the hostile work environment created by the Discriminating Official. Claimants Foy and Allen took reasonable steps to stop the harassment when they complained to several management officials of the Defendants. However, Defendants failed to take reasonable steps to prevent and correct the harassment, but instead permitted the harassment to continue and worsen.

12. The effect of the practices complained of in Paragraph 10 above has been to deprive Philomena Foy, Doris Allen and similarly situated aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

13. The unlawful employment practices complained of in Paragraph 10 above were intentional and caused Philomena Foy, Doris Allen and similarly situated individuals to suffer emotional distress.

14. The unlawful employment practices complained of in Paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Philomena Foy, Doris Allen and similarly situated individuals.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, and any other employment practice which discriminate on the basis of sex.

1      B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past unlawful employment practices.

      C.      Order Defendants to make whole Philomena Foy, Doris Allen and similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 10 above, in amounts to be determined at trial.

      D.      Order Defendants to make whole Philomena Foy, Doris Allen and similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 10 above, in amounts to be determined at trial.

      E.      Order Defendants to pay Philomena Foy, Doris Allen and similarly situated individuals punitive damages for their malicious and/or reckless conduct described in Paragraph 10 above, in amounts to be determined at trial.

      F.      Grant such further relief as the Court deems necessary and proper in the public interest.

      G.      Award the Commission its costs of this action.

//
//
//
//
//
//
//
//
//
//
//

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: April 25, 2011

Respectfully Submitted

P. DAVID LOPEZ
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: *[signature]*
MICHAEL J. FARRELL
Supervisory Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION