1

2

3

4                   **UNITED STATES DISTRICT COURT**

5                        **DISTRICT OF NEVADA**

6

EQUAL EMPLOYMENT OPPORTUNITY              )
7  COMMISSION,                            )
                                          )
8              Plaintiff,                 )
                                          )          2:10-cv-2265-RCJ-GWF
9         vs.                             )
                                          )          **ORDER**
10  HOTSPUR RESORTS NEVADA, LTD. et al.,  )
                                          )
11             Defendants.                )
   ───────────────────────────────────   )

12

13         This case arises out of an alleged sex-based hostile work environment.  Defendants have

14  moved to partially dismiss and for a more definite statement.  For the reasons given herein, the

15  Court denies the motion to dismiss but grants the motion for a more definite statement.

16  **I.      FACTS AND PROCEDURAL HISTORY**

17         Plaintiff Equal Employment Opportunity Commission ("EEOC") brings the present

18  lawsuit on behalf of Claimants Philomena Foy and Doris Allen, as well as on behalf of other

19  female employees of Defendants who were subjected to a pervasive and severe sex-based hostile

20  work environment at Defendants' Las Vegas facility. (Am. Compl. ¶ 11, Apr. 25, 2011, ECF No.

21  4).  Particularly, they were subjected to "unwelcome sexual conduct by a male coworker who

22  became a management official . . . ." (*Id.*).  Specifically, Plaintiff alleges that the male coworker

23  forcibly placed the hands of female employees onto his penis, groped their breasts and buttocks,

24  rubbed his crotch onto their buttocks, put his tongue into their ears, and regularly made vulgar

25  sexual remarks to them. (*See id.* ¶ 11(a)).  Defendants have moved to partially dismiss and for a

1   more definite statement.

2   **II.     LEGAL STANDARDS**

3        **A.     Dismissal**

4        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

5   claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

6   what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

7   (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

8   that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

9   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

10  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

11  failure to state a claim, dismissal is appropriate only when the complaint does not give the

12  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

13  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

14  sufficient to state a claim, the court will take all material allegations as true and construe them in

15  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

16  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

17  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

18  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

19  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

20  is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,

21  550 U.S. at 555).

22        "Generally, a district court may not consider any material beyond the pleadings in ruling

23  on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

24  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

25  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

1    whose contents are alleged in a complaint and whose authenticity no party questions, but which

2    are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

3    motion to dismiss" without converting the motion to dismiss into a motion for summary

4    judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

5    of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

6    *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

7    considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

8    summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

9    Cir. 2001).

10    **B.**   **More Definite Statement**

11         A party may move for a more definite statement of a pleading to which a
responsive pleading is allowed but which is so vague or ambiguous that the party
12    cannot reasonably prepare a response.  The motion must be made before filing a
responsive pleading and must point out the defects complained of and the details
13    desired.

14    Fed. R. Civ. P. 12(e).

15    **III.**   **ANALYSIS**

16         Defendants move to dismiss under the statute of limitations and for failure to state a

17    claim.  They also ask the Court to order Plaintiff to provide a more definite statement.

18    **A.**   **The Statute of Limitations**

19         A charge under Title VII must be filed within 180 days after the occurrence of the alleged

20    unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1).  However, where an aggrieved person

21    has initially instituted proceedings with a state or local agency with authority to grant relief for

22    such action, the charge must be brought within 300 days of the occurrence or within 30 days

23    after receiving notification that the state or local agency has terminated its proceedings,

24    whichever occurs earlier. *Id.*  NERC is such a body in the state of Nevada. *See* NRS § 233.150 *et*

25    *seq.*

1    Although filing a charge of discrimination with the EEOC is a jurisdictional prerequisite

2    to a Title VII suit, "filing a *timely* charge of discrimination with the EEOC is not a jurisdictional

3    prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject

4    to waiver, estoppel, and equitable tolling." *Zipes v. TWA*, 455 U.S. 385, 393 (1982) (emphasis

5    added).  The distinction is often of no practical significance, and courts sometimes still refer to

6    the timeliness requirement as being jurisdictional. *See, e.g.*, *Vasquez v. Cnty. of L.A.*, 349 F.3d

7    634, 644 (9th Cir. 2003) ("To establish subject matter jurisdiction over his Title VII retaliation

8    claim, [the plaintiff] must have exhausted his administrative remedies by filing a *timely* charge

9    with the EEOC." (emphasis added)).  But only the requirement to file a charge with the EEOC at

10   some point in time is a jurisdictional prerequisite; the timeliness provision operates as a statute

11   of limitations that may be waived, estopped, or tolled, because it appears in a separate provision

12   of Title VII than does the jurisdictional grant. *Zipes*, 455 U.S. at 393–94; *Surrell v. Cal. Water*

13   *Serv. Co.*, 518 F.3d 1097, 1104–05 (9th Cir. 2008) (citing *id.*).  In any case, Title VII's

14   exhaustion requirement limits the jurisdiction of federal courts to those claims that the EEOC has

15   had an opportunity to examine, meaning those claims the EEOC actually adjudicates and any

16   claims the plaintiff files with the EEOC but the EEOC fails to adjudicate or investigate. *Vasquez*,

17   349 F.3d at 644.  In summary, there is federal jurisdiction over any Title VII claim a plaintiff has

18   given the EEOC an opportunity to adjudicate, but a federal court will accept jurisdiction over

19   and then dismiss any claim untimely presented to the EEOC, subject to waiver, estoppel, and

20   equitable tolling.

21    Unlike the jurisdictional prerequisite (filing a charge with the EEOC), the statute of

22   limitations (*untimeliness* of a charge to the EEOC) is an affirmative defense, so Defendants must

23   adduce evidence showing they are entitled to it.  Defendants adduce Foy's charge of

24   discrimination ("the Foy COD"), which alleges that a Mr. Brian Davis, a "server" (waiter)

25   harassed her in the ways noted in the AC between December 2006 and December 23, 2007.

1   (*See* Foy COD 1, Mar. 20, 2008, ECF No. 14, at 18).   Although the Foy COD indicates "03-18-

2   2008" as the latest incident of discrimination, the facts related therein indicate that the latest

3   incident of anything relating to a hostile work environment was December 23, 2007, when Davis

4   "stuck his tongue in my ear." (*See id.*).   The date of March 13, 2008 likely refers to the

5   retaliation claim, because Foy alleges retaliation by the employer beginning on December 28,

6   2007. (*See id.* 2).   In any case, it is clear that the Foy COD was timely in its entirety, having been

7   filed well within 180 days of the end of the alleged hostile work environment and the alleged

8   retaliation (which claim is not included in the present action).   Defendants also adduce Allen's

9   charge of discrimination ("the Allen COD"), which alleges Davis made sexually suggestive

10   comments to her and touched her sexually until December 24, 2007. (*See* Allen COD 1, June 5,

11   2008, ECF No. 14, at 21).   The Allen COD was therefore also timely.   In summary, the Court has

12   jurisdiction over both Foy's and Allen's hostile work environment claims, because they both

13   filed complaints with the EEOC, and the statute of limitations did not run on either complaint,

14   because they filed their complaints with the EEOC within 180 days of the last date of

15   harassment.

16          Defendants argue that no conduct occurring more than 180 days before the date

17   Claimants filed their complaints with the EEOC can be considered, but this is incorrect.   A

18   hostile work environment claim is an ongoing violation, and the date of the last incident controls.

19   *See Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 475–76 (8th Cir. 2010) (finding a sexual

20   harassment claim time-barred because the "last" offensive email was sent more than 180 days

21   before the plaintiff filed her claim); *Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766, 768 (7th

22   Cir. 2007) (citing 42 U.S.C. § 2000e-5(e)(1)).   The Supreme Court has stated explicitly:

23          To assess whether a court may, for the purposes of determining liability, review all
              such conduct, including those acts that occur outside the filing period, we again look
24          to the statute.   It provides that a charge must be filed within 180 or 300 days "after
              the alleged unlawful employment practice occurred."   A hostile work environment
25          claim is composed of a series of separate acts that collectively constitute one

1
2
3
4

> "unlawful employment practice." 42 U.S.C. § 2000e–5(e)(1).  The timely filing
> provision only requires that a Title VII plaintiff file a charge within a certain number
> of days after the unlawful practice happened.  It does not matter, for purposes of the
> statute, that some of the component acts of the hostile work environment fall outside
> the statutory time period.  Provided that an act contributing to the claim occurs
> within the filing period, the entire time period of the hostile environment may be
> considered by a court for the purposes of determining liability.

5   *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–17 (2002).  Defendants attempt to

6   characterize Claimant's CODs as alleging several discrete, discriminatory acts that each have

7   their own statute of limitations period.  But the claims here are properly characterized as claims

8   of a hostile work environment, not discrete acts of discrimination.  The *Morgan* Court was clear

9   that unlike traditional hiring or promotion discrimination claims, a single hostile work

10  environment claim encompasses all individual acts contributing to it, and the entire claim is

11  timely so long as any of the component acts of the claim occurred within the relevant time

12  period:

13
14
15

> We reverse in part and affirm in part.  We hold that the statute precludes recovery for
> discrete acts of discrimination or retaliation that occur outside the statutory time
> period.   We also hold that consideration of the entire scope of a hostile work
> environment claim, including behavior alleged outside the statutory time period, is
> permissible for the purposes of assessing liability, so long as an act contributing to
> that hostile environment takes place within the statutory time period.

16
17  *Id.* at 105.  Because at least one of the acts alleged in this case occurred within the statutory time

18  period, all acts relating to the alleged hostile work environment may be considered in assessing

19  liability.

20          Finally, as Plaintiff notes, it may seek monetary and equitable relief on behalf of a "class"

21  of aggrieved individuals under § 704 of the Civil Rights Act, without resorting to the Rule 23

22  framework. *See Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333–34 (1980) ("[T]he

23  EEOC may maintain its § 706 civil actions for the enforcement of Title VII and may seek

24  specific relief for a group of aggrieved individuals without first obtaining class certification

25  pursuant to [Rule] 23.").  The EEOC may seek equitable relief under § 2000e-5, and it may seek

compensatory and punitive damages under § 1981a. *See EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 587 (9th Cir. 2000).

### B.     Failure to State a Claim

Defendants ask the Court to dismiss Hotspur Resorts Nevada, Inc. ("HRNI") and Doe Defendants, because only Hotspur Resorts Nevada, Ltd. ("HRNL") was the employer, and therefore no claim has been state against the other Defendants.  The presence of Doe Defendants is harmless for the purposes of the merits, because they are essentially invisible in the case and their presence amounts only to a practical indication that Plaintiff may desire to amend to add additional defendants in the future.  The Court could therefore either grant or deny the request to dismiss Doe Defendants without any substantive effect on the case.

Defendants also argue that the AC in no way links HRNI to HRNL or indicates that HRNI was Claimants' employer.  It is not clear which entity Plaintiff believes to have been the employer.  Plaintiff alleges that both Defendants were employers with more than fifteen employees and engaged in business affecting interstate commerce.  The Court will not dismiss against either Defendant.  Plaintiff cannot at this stage be expected to have untangled the corporate relationship between HRNI and HRNL.[1]  If one or the other entity can provide evidence entitling it to summary judgment as to its liability in this case, it is free to so move, but the Court will not dismiss either Defendant at this stage.

### C.     More Definite Statement

The Court will require Plaintiff to file a more definite statement, however.  The details in Claimants' CODs sufficiently relate the relevant incidents to Defendants, and in fact the Court's

---

[1]A search of the Nevada Secretary of State website indicates that the entities may be alter egos of one another, and at a minimum are almost certainly related in some way.  They are both active Nevada corporations with the same individual serving as president, secretary, treasurer, and "director," and with the same registered agent.  HNRI was incorporated in 2001, and HRNL was incorporated in 2005.

1  jurisdiction is circumscribed by the scope of the CODs.  The CODs are invoked in the AC such

2  that Defendants have fair notice of the nature of the allegations, and Defendants clearly have

3  access to the CODs.

4         But Plaintiff has not put Defendants on notice as to the "class" allegations.  That is, in

5  order to establish a prima facie case of hostile workplace environment, Plaintiff must allege a

6  pattern of specific acts against specific persons, similar to the alleged harassment by Davis

7  against Foy and Allen already pled.  The EEOC may bring the claims of a group of persons, but

8  it must plead the claims of each aggrieved person.  It cannot simply prove that an abuser

9  harassed one or two coworkers and then collect damages multiplied by the number of other

10  coworkers in the abuser's area in the total absence of any evidence that he abused those persons.

11  As it stands, Plaintiff has only pled a hostile workplace environment as to Foy and Allen, not as

12  to any unnamed victims.

13  <center>**CONCLUSION**</center>

14         IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 14) is DENIED.

15         IT IS FURTHER ORDERED that the Motion for a More Definite Statement (ECF No.

16  15) is GRANTED.  Plaintiff must by January 3, 2012 identify via amendment or separate

17  pleading who the members of the "class" of plaintiffs are.

18         IT IS SO ORDERED.

19         Dated this 3rd day of October, 2011.

20  _____

21         ROBERT C. JONES
       United States District Judge

22

23

24

25