UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>vs.<br><br>HOTSPUR RESORTS NEVADA, LTD., d/b/a JW MARRIOTT LAS VEGAS RESORT, SPA & GOLF, HOTSPUR RESORTS NEVADA, INC.,<br><br>            Defendants. | Case No.  2:10-cv-02265-RCJ-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant's Motion to Compel Disclosure of Documents and for an In-Camera Inspection of Documents (#53), filed on March 27, 2012; Plaintiff's Response to Defendants Motion to Compel Disclosure (#56), filed on April 27, 2012; and Defendant's Reply in Support of Motion to Compel Disclosure (#63), filed on May 18, 2012. The Court conducted a hearing in this matter on June 7, 2012.

**BACKGROUND**

Plaintiff Equal Employment Opportunity Commission (EEOC) has brought this action on behalf of itself and two charging parties against Defendant Hotspur Resorts, Ltd. d/b/a JW Marriott Las Vegas Resort, Spa & Golf, et al., to recover damages and injunction relief for alleged violations of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a). The EEOC alleges that the charging parties were female employees who worked in a restaurant-pub located in Defendant's resort. The charging parties were allegedly subjected to unwelcome sexual conduct, i.e. sexual harassment, by a male coworker. The alleged sexual harassment included both physical contact and verbal

statements. Following receipt of the charging parties' complaints, the EEOC conducted an investigation of the allegations which included interviews with the charging parties and other employees and customers of Defendant. The EEOC participated in conciliation efforts with the Defendant that did not resolve the dispute. The EEOC thereafter decided to pursue this action against the Defendant and filed its complaint on December 30, 2010.

The Defendant served requests for production of documents on the EEOC which included requests for production of transcripts or summaries of interviews conducted during the EEOC's investigation of the charge and investigation reports or other documents containing relevant information. In response to these requests, the EEOC objected on grounds of attorney-client privilege, the attorney work product doctrine, the governmental deliberative process privilege, the common interest privilege and the prohibition against the disclosure of documents or information pertaining to conciliation or settlement, 42 U.S.C. §2000e-5(b). The EEOC served Defendant with privilege logs identifying the documents and the claimed privileges. In several instances, the EEOC claimed more than one privilege for a document.

After the Defendant filed its motion to compel, the EEOC produced notes of witness interviews to the Defendant, but continued to assert that certain documents are protected from disclosure by the attorney-client privilege and the governmental deliberative process privilege or because the documents relate to conciliation or settlement negotiations. The Court directed the EEOC to further supplement its privilege logs to the extent reasonably necessary to show that the documents it claims are protected by the attorney-client privilege are within the scope of that privilege. The Court directed the EEOC to provide the remaining documents to the Court for *in camera* review to determine if they are protected from disclosure under the deliberative process privilege or because they contain information regarding conciliation or settlement.

## **DISCUSSION**

The deliberative process privilege covers documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated. *Dept. of Interior v. Klamath Water Users*, 532 U.S. 1, 8, 121 S.Ct. 1060, 1065-66 (2001). The privilege "rests on the obvious realization that officials will not

1  communicate candidly among themselves if each remark is a potential item of discovery and front
2  page news, and its object is to enhance 'the quality of agency decisions' (citation omitted) by
3  protecting open and frank discussions among those who make them within the Government." *Id.*[1]

4        To qualify for protection under the deliberative process privilege, the document must be (1)
5  "pre-decisional," meaning that it must have been received by the decision-maker on the subject of
6  the decision prior to the time the decision was made, and (2) the document must be "deliberative,"
7  meaning that it was the result of a consultive process. *EEOC v. Peoplemark, Inc.*, 2010 WL
8  748250, *2 (W.D.Mich 2010), citing *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 550 (6th Cir.
9  2001). The government agency has the burden of demonstrating that the subject document is both
10 pre-decisional and deliberative. *EEOC v. Peoplemark, Inc.*, at *3, citing *Van Aire Skyport Corp. v.
11 FAA*, 733 F.Supp. 316, 321 (D.Colo. 1990). The claim of privilege is formally made by the head of
12 agency after he or she has personally considered the material in question and has submitted a
13 declaration stating the precise reasons for reserving the confidentiality of the information and
14 identifying and describing the documents to which the privilege is asserted. *EEOC v. Peoplemark,
15 Inc.*, at *3, citing *Alpha I, L.P. v. United States*, 83 Fed.Cl. 279, 289 (2008) and *EEOC v.
16 Continental Airlines Inc.*, 395 F.Supp.2d 738, 741 (N.D.Ill. 2005). *See also Islamic Shura Council
17 of Southern California v. F.B.I.*, 635 F.3d 1160, 1166 (9th Cir. 2011).

18       The formal requirements are satisfied in this case by the Declaration of the EEOC Chair,
19 Jacqueline A. Berrien ("Declaration") and Exhibit A to the Declaration which are attached to
20 Defendant EEOC's *Response to Defendant's Motion to Compel (#56), Exhibit B*. The Declaration
21 avers that the documents to which the privilege is asserted were "pre-decisional" to the EEOC's
22 decision to file the subject lawsuit. The Declaration also avers that the documents contain

---

[1] The EEOC also asserted that some of the documents submitted for *in camera* review are protected by the work-product doctrine. As the court stated in *EEOC v. International Profit Associates, Inc.*, 206 F.R.D. 215, 221 (N.D.Ill. 2002), however, "[d]uring initial investigations the EEOC is a neutral third party, thus the investigations are not conducted in anticipation of litigation." Accordingly, the work-product doctrine in Fed.R.Civ.Pro. 26(b)(3) does not apply to documents that were prepared during this phase. Confidential communications between EEOC investigators and the EEOC's counsel, however, are protected from disclosure pursuant to the attorney-client privilege.

3

predecisional analysis, recommendations and conclusions of EEOC investigatory and legal personnel.

The principal issue regarding application of the deliberative process privilege to the documents submitted for *in camera* review is whether they contain factual information that is not protected by the privilege. In *EPA v. Mink*, 410 U.S. 73, 87-88, 93 S.Ct. 827, 837 (1973), the Supreme Court stated that "memoranda consisting only of compiled factual material or purely factual material contained in deliberative memoranda and severable from its context would generally be available for discovery by private parties in litigation with the Government." In discussing Exemption 5 to the Freedom of Information Act which exempts from disclosure information protected by the deliberative process privilege, the Court further stated:

> Congress sensibly discarded a wooden exemption that could have meant disclosure of manifestly private and confidential policy recommendations simply because the document containing them also happened to contain factual data. That decision should not be taken, however, to embrace an equally wooden exemption permitting the withholding of factual material otherwise available on discovery merely because it was placed in a memorandum with matters of law, policy, or opinion. It appears to us that Exemption 5 contemplates that the public's access to internal memoranda will be governed by the same flexible, common-sense approach that has long governed private parties' discovery of such documents involved in litigation with Government agencies. And, as noted, that approach extended and continues to extend to the discovery of purely factual material appearing in those documents in a form that is severable without compromising the private remainder of the documents.

*Mink*, 410 U.S. at 91, 93 S.Ct. at 838.

In *National Wildlife Federation v. United States Forest Service*, 861 F.2d 1114, (9th Cir. 1988), the Ninth Circuit stated:

> [T]he scope of the deliberative process privilege should not turn on whether we label the contents of a document "factual" as opposed to "deliberative." *See Montrose Chemical,* 491 F.2d at 67-68. A legal standard that ties our judgment solely to the type of information allegedly secreted in a document transforms our inquiry into a semantics debate that ignores that the ultimate objective of exemption 5 is to safeguard the deliberative *process* of agencies, not the paperwork generated in the course of that process. *See Dudman Communications Corp. v. Department of the Air Force,* 815 F.2d 1565, 1568 (9th Cir.1987) (*Dudman Communications* ). Documents need not themselves be "deliberative," in the sense that they make nonbinding recommendations on law or policy, in order to qualify for the deliberative process privilege. "In some circumstances, even

1  material that could be characterized as 'factual' would so expose the
   deliberative process that it must be covered by the [deliberative
2  process] privilege." *Wolfe,* 839 F.2d at 774.

3  Under this "process-oriented" or "functional" test that we adopt,
   documents containing nonbinding recommendations on law or policy
4  would continue to remain exempt from disclosure. Factual materials,
   however, would likewise be exempt from disclosure to the extent that
5  they reveal the mental processes of decisionmakers. *See Dudman
   Communications,* 815 F.2d at 1568; *Lead Industries,* 610 F.2d at
6  85-86; *Montrose Chemical,* 491 F.2d at 67-68. In other words,
   whenever the unveiling of factual materials would be tantamount to
7  the "publication of the evaluation and analysis of the multitudinous
   facts" conducted by the agency, the deliberative process privilege
8  applies. *Montrose Chemical,* 491 F.2d at 68.

9  *National Wildlife Federation*, 677 F.2d at 935, also cited with approval *Playboy*

10 *Enterprises*, 677 F.2d 931, 935 (D.C. Cir. 1982) in which the District of Columbia Circuit stated:

11  The Department . . . argues that the entire Rowe Report reflects the
    "choice, weighing and analysis of facts" by the task force, and is
12  therefore protected as a part of the deliberative process. (Brief for
    Appellant at 25) According to the Department "it is the very
13  narration of the facts that reflects the evidence selected and credited."
    Id.
14
    We are not persuaded by the Department's argument. Anyone
15  making a report must of necessity select the facts to be mentioned in
    it; but a report does not become a part of the deliberative process
16  merely because it contains only those facts which the person making
    the report thinks material. If this were not so, every factual report
17  would be protected as a part of the deliberative process.

18       The documents submitted for *in camera* review include an undated sixteen page

19 Investigative Report (Bates Nos. 141-156). *See* paragraph 2 in Exhibit A to the Declaration. The

20 report was prepared by an EEOC investigator. The Court finds that the section entitled "IV.

21 BACKGROUND INFORMATION," on page 2 of the report (Bates No. 142) and the section

22 entitled "V. CHARGING PARTY'S POSITION," pages 2-5 (Bates Nos. 142-145), contain

23 summaries of entirely factual information. Although the information in Section V is organized in

24 chronological time-lines as to each charging party, this level of organization does not reveal the

25 EEOC investigator's evaluation and analysis of the charging parties' complaints. The information

26 in these sections is not within the scope of the deliberative process privilege and these sections of

27 the report should be produced to Defendant.

28 . . .

Section VI of the report entitled "RESPONDENT'S POSITION," pages 5-7 (Bates Nos. 145-146) contains a summary of the Defendant's response to the charging parties' complaints. Although this section contains factual information, it is written in a critical, evaluative manner. The Court finds that the factual material in this section of the report is not severable without compromising its evaluative or analytic content.

Section VII of the report contains the Investigator's evaluation and analysis of the claim. This section, as a whole, clearly falls within the scope of the deliberative process privilege. Section VII does contain synopses of interviews with witnesses. Arguably, these synopses could be redacted to remove evaluative words or phrases, and then produced without disclosing the evaluative or analytic portions of the report. The EEOC, however, has produced the investigator's interview notes for the witnesses discussed in this section of the report. *See EEOC's Response to Defendant's Motion to Compel (#56), pg.5 n.1; Exhibit A-"Third Amended Privilege Log."* The Court therefore concludes that it is unnecessary to require the EEOC to produce redacted versions of the same information contained in the Investigative Report.

The other documents which have been submitted for *in camera* review are also listed in Exhibit A to the Declaration. Paragraph 1 lists a "L.A.D.O Legal Review Sheet" (Bates No. 140). This document is addressed to the EEOC's counsel and would appear to fall within the scope of the attorney-client privilege. The document appears to be a pre-decisional evaluative document that contains no factual information and is therefore also protected under the deliberative process privilege. Paragraph 3 (Bates No. 157) lists a "Las Vegas Local Office Memorandum." This is a form document relating to cause determination protected under the deliberative process privilege. It does not contain factual information. Paragraph 4 lists a "Charge Assessment and Planning Form (investigator)" (Bates No. 158). The document contains only evaluative/analytical information and is therefore protected under the deliberative process privilege. Paragraph 5 identifies handwritten notes regarding the EEOC investigator's efforts to contact witness Maria Torrisi (Bates No. 159). Although the "evaluative content" of this document is not significant, the Court sustains EEOC's assertion of the deliberative process privilege to this document. Paragraph 6 asserts the deliberative process privilege to one sentence of a document identified as Bates No. 499, the

1  balance of which has been produced.  The Court finds that the redacted sentence is protected from
2  disclosure under the deliberative process privilege.
3       Paragraph 7 of the Declaration identifies three pages of handwritten notes (Bates Nos. 06-
4  08) which the EEOC asserts are protected from disclosure under the deliberative process privilege
5  and/or because they relate to conciliation or settlement negotiation.  42 U.S.C. § 2000e-5(b) states
6  that nothing said or done during and as part of informal conciliation may be publicly disclosed or
7  used as evidence in any subsequent proceeding without the consent of the persons concerned.  In
8  *EEOC v. Philip Services Corp.*, 635 F.3d 164 (5th Cir. 2011), the Fifth Circuit broadly interpreted §
9  2000e-5(b) in affirming the dismissal of an action brought by the EEOC to enforce an oral
10 settlement agreement made during conciliation because evidence of the alleged agreement was not
11 admissible.  The EEOC represents that the charging parties in this case have not consented to the
12 disclosure of conciliation efforts or settlement negotiations.  The Court's *in camera* review
13 confirms that the documents relate to conciliation efforts.  Accordingly,  the EEOC's objection to
14 the production of these notes is sustained.
15      Paragraphs 8, 9 and 10 of the Declaration identify three documents entitled "Las Vegas
16 Office Memorandum."  These are charge processing forms which contain no factual information.
17 The Court therefore also sustains the EEOC's assertion of the deliberative process privilege as to
18 these documents.

## **CONCLUSION**

20      **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Disclosure of
21 Documents and for In-Camera Inspection of Documents (#53) is **granted**, in part, as follows:
22 Plaintiff EEOC is ordered to produce to Defendant Sections IV and V of the Investigative Report,
23 pages 2-5 (Bates Nos. 142-145).
24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

**IT IS FURTHER ORDERED** that Defendant's motion is **denied** as to the remainder of the documents submitted for *in camera* review because they are protected from disclosure under the deliberative process privilege or because they contain information regarding conciliation efforts which are protected from disclosure under 42 U.S.C. § 2000e-5(b).

DATED this 26th day of June, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge