1   Anna Y. Park, CA SBN 164242
2   Michael J. Farrell, CA SBN 266553
    U.S. EQUAL EMPLOYMENT
3   OPPORTUNITY COMMISSION
    255 East Temple Street, Fourth Floor
4   Los Angeles, CA 90012
    Telephone: (213) 894-1079
5   Facsimile: (213) 894-1301
    E-Mail: lado.legal@eeoc.gov

6   Elizabeth A. Naccarato NV SBN 11221
    U.S. EQUAL EMPLOYMENT
7   OPPORTUNITY COMMISSION
    333 Las Vegas Blvd. South, Suite 8112
8   Las Vegas, NV 89101
    Telephone: (702) 388-5072
9   Facsimile: (702) 388-5094

10  Attorneys for Plaintiff
    U.S. EQUAL EMPLOYMENT
11  OPPORTUNITY COMMISSION

12
    Malani L. Kotchka
13  Nevada Bar No. 0283
    mkotchka@lionelsawyer.com
14  LIONEL SAWYER & COLLINS
    1700 Bank of America Plaza
15  300 South Fourth Street
    Las Vegas, Nevada 89101
16  (702) 383-8888 (Telephone)
    (702) 383-8845 (Fax)
17
    Attorneys for Defendants
18  Hotspur Resorts Nevada, Ltd. d/b/a
    JW Marriott Las Vegas Resort, Spa & Golf
19  and Hotspur Resorts Nevada, Inc.

20
                    UNITED STATES DISTRICT COURT
21
                         DISTRICT OF NEVADA
22
    U.S. EQUAL EMPLOYMENT              )
23  OPPORTUNITY COMMISSION,            )
                                       )   CASE NO.: 2:10-cv-02265-MMD-GWF
24              Plaintiff,             )
                                       )
25  v.                                 )
                                       )
26  Hotspur Resorts Nevada, Ltd. d/b/a JW )
    Marriott Las Vegas Resort, Spa & Golf, )
27  Hotspur Resorts Nevada, Inc. and Does )
    1-10 Inclusive,                    )
28                                     )   **CONSENT DECREE; ORDER**
                Defendants.            )

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

| | |
|---|---|
| Hotspur Resorts Nevada, Ltd. d/b/a JW Marriott Las Vegas Resort, Spa & Golf | ) ) ) |
| Counterclaimant, | ) ) |
| v. | ) ) |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,, | ) ) ) |
| Counterdefendant. | ) ) ) |

## I.   INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") and defendant Hotspur Resorts Nevada, Ltd. d/b/a JW Marriott Las Vegas Resort, Spa & Golf operating as a franchise of Marriott International (referred to as "Hotspur") and defendant Hotspur Resorts Nevada, Inc. agree to the entry of this Consent Decree to resolve the EEOC's First Amended Complaint, filed under Title VII of the Civil Rights Act as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The EEOC's First Amended Complaint alleges that Philomena Foy and Doris Allen (hereinafter referred to as the "Charging Parties") and similarly situated individuals were subjected to sexual harassment by an Assistant Manager of the Pub in the Hotspur facility in Las Vegas, Nevada. During the litigation of this case, EEOC identified one similarly situated female it alleges was also subjected to sexual harassment on the basis of her sex, Maria Torrisi. Defendants deny the allegations stated in EEOC's First Amended Complaint.

## II.   PURPOSES AND SCOPE OF THE CONSENT DECREE

A.    The Parties to this Consent Decree ("Decree") are the EEOC and Defendants. This Decree shall be binding on and enforceable against Defendants and their officers, directors and agents. Defendant Hotspur is specified herein as the entity responsible for providing the relief required by Section VIII, Section IX(C)-(F) and Section X.

B.    The parties have entered into the Decree for the following purposes:

1.    To provide the appropriate relief;

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2.      To ensure a work environment free from sexual harassment;

3.      To ensure training for Hotspur's managers and employees with respect to the laws against sexual harassment;

4.      To ensure an appropriate and effective mechanism for handling complaints of sexual harassment;

5.      To avoid expensive and protracted costs incident to this litigation.

### III.      RELEASE OF CLAIMS

A.      This Decree fully and completely resolves between Defendants and the EEOC all claims that are raised by the EEOC against Defendants in the First Amended Complaint in the above-styled action filed in the United States District Court, District of Nevada, on April 25, 2011 and all claims raised in EEOC charge numbers 487-2008-00322 and 487-2008-00536.

B.      Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises contained here.

C.      Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply with Title VII to the extent each Defendant has any such obligation.

D.      This Decree in no way affects the EEOC's right to bring, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with the statutes enforced by the EEOC.

### IV.      EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained here are effective immediately upon the date when this Decree is entered by the Court ("the Effective Date").

B.      Except as otherwise provided here, the Decree shall remain in effect for three (3) years after the Effective Date.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3

## V.    MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the parties with respect to the matters contained here.

B.    No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

C.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' reasonable efforts.

## VI.    JURISDICTION

A.    This Court has jurisdiction over the parties and the subject matter of this lawsuit.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and does not interfere with the rights or privileges of any person.

B.    This Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of monitoring and entering all orders that may be necessary to implement the relief provided here.

## VII.   COMPLIANCE AND DISPUTE RESOLUTION

A.    The parties agree that if the EEOC has reason to believe that either Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree against the Defendant alleged to be in breach of the Decree.  Prior to initiating such action, the EEOC will notify Defendants' legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes has/have been breached.  Absent a showing by either party that the delay will cause irreparable harm, Defendants shall have

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

4

thirty (30) days from receipt of the EEOC's notice of the alleged breach to attempt to resolve or cure the breach.

      B.    The parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

      C.    After thirty (30) days have passed with no resolution or agreement to extend the time further, the EEOC may bring an action before this Court for compliance with this Decree and seek all relief available under applicable law.

      D.    In the event EEOC asserts any claim of a breach of Sections IX (A) or (B) of this Decree, Defendant expressly reserves the right to assert any and all defenses available under law to demonstrate there was no breach, including, but not limited to, the defense that (1) Defendants took reasonable steps to prevent and correct any conduct described in Section IX (A); and (2) an employee claiming a hostile work environment described under Section IX (A) failed to take advantage of any remedial, preventative or corrective measures made available by the Defendants.

## VIII.  MONETARY RELIEF

      A.    In settlement of all monetary claims of the EEOC, Defendant Hotspur shall pay a total of one hundred fifty five thousand dollars ($155,000) to the Charging Parties Foy and Allen and the one identified similarly-situated aggrieved individual in this case, Maria Torrisi (collectively referred to herein as the "Claimants").  Allocation of settlement monetary amounts for each of the three Claimants in this case shall be at the sole discretion of the EEOC.

      B.    The EEOC shall provide a list identifying the three Claimants, the amounts to be paid to each and the mailing address for each (hereafter "the Distribution List") within ten (10) days of the Effective Date of the Decree.  Within ten (10) days of the receipt of the Distribution List and fully executed Releases, Defendant Hotspur shall send a check to each of the Claimants for the amounts identified for each in the Distribution List.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

C.     The EEOC has determined that the monetary relief paid be designated as non-economic compensatory damages for physical and emotional pain and suffering and, as such, no federal and state withholding taxes shall be made.  Defendant Hotspur shall prepare and distribute Form 1099 or equivalent forms to the Claimants and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.  The Claimants receiving monies from the Settlement Amount shall be solely responsible for the payment of any taxes that may be owed by them as a result of their receipt of such monies.

D.     Concurrent with the mailing of the checks to the Claimants, Defendant Hotspur shall submit a copy of each check to Anna Park, EEOC Regional Attorney, 255 East Temple Street, Fourth Floor, Los Angeles, California, 90012.

## IX.     GENERAL INJUNCTIVE RELIEF

A.     Sexual Harassment.

Defendants are hereby enjoined from creating, facilitating or permitting the existence of a sexually harassing work environment that is hostile to female employees.

B.     Retaliation.

Defendants are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendants because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendants), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or Claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

6

C.    Posting of Notice

Within ten (10) days after the Effective Date and throughout the term of this Decree, Defendant Hotspur shall post a full-sized copy of the Notice, attached to the Decree as Attachment A, in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices).

D.    Equal Employment Opportunity Monitor.

Within thirty (30) days after the Effective Date, Defendant Hotspur shall retain Lionel Sawyer & Collins to serve as an Equal Employment Opportunity Monitor ("Monitor").   The Monitor's responsibilities shall include:   (a) Assisting Defendant Hotspur in applying and implementing its policies against sexual harassment referenced in Section IX.E herein; (b) Assisting Defendant Hotspur in training managerial and hourly employees on their rights and responsibilities regarding sexual harassment in the workplace, including, but not limited to, its responsibility to provide a workplace free of sexual harassment; (c) Assisting Defendant Hotspur in training all employees on policies and procedures relating to sexual harassment and ensuring that all of Defendant Hotspur's managerial and Human Resources employees are trained on policies and procedures relating to sexual harassment; (d) Assisting Defendant Hotspur in monitoring and assuring the adequate investigation of all complaints of sexual harassment; (e) Assisting Defendant Hotspur in properly communicating with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation and any remedial action taken; and (f) Assisting Defendant Hotspur in its compliance with the terms of this Decree.

E.    Revision and Distribution of Anti-Harassment Policy and Complaint Procedure

1.    Defendant Hotspur has reviewed, revised and redistributed to all employees its policies against and complaint procedure for sexual harassment.  The Policy and Complaint Procedure include:

a.    a clear explanation of prohibited conduct which could constitute sexual harassment;

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

7

b.     an assurance that employees who make complaints of sexual harassment or provide information related to such complaints will be protected from retaliation;

c.     a clearly described complaint process for sexual harassment that provides accessible avenues of complaint against co-workers, including the complainant's supervisors, and that allows for complaints to be initiated verbally;

d.     an assurance that Hotspur will protect the confidentiality of sexual harassment complaints to the extent possible from being disclosed to those who do not need to know;

e.     a complaint process that provides a prompt, thorough, and impartial investigation;

f.     a requirement that any employee in a supervisory position who receives a complaint of harassment, whether formal or informal, written or verbal, report such complaint to the human resources department as soon as possible;

g.     an assurance that Hotspur's disciplinary policies hold employees, managers, supervisors and human resources accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

h.     a procedure for communicating with the complainant regarding the status of the complaint / investigation, results of the investigation, and if any remedial action was taken; and

i.     an assurance that Hotspur will take immediate and appropriate corrective action when it determines that sexual harassment has occurred.

2.     For the remainder of the term of this Decree, all new employees hired shall receive within thirty (30) days of hire Hotspur's revised policies against and complaint procedure for sexual harassment.

3.     For the remainder of the term of this Decree, all employees promoted from non-managerial to managerial positions shall receive within thirty (30) days of promotion Hotspur's policies and procedures regarding sexual harassment applicable to managerial employees.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

F.   <u>Training</u>

1.   Within sixty (60) days of the Effective Date, Hotspur shall review with the Monitor its training of its policy against sexual harassment to ensure that it comports with the Policy as described in Section IX.E above.

2.   Within ninety (90) days after the Effective Date, Hotspur with the assistance of the Monitor, if necessary, shall provide live in-person training of at least two (2) hours in duration about its policy against and complaint procedure for sexual harassment to its managerial employees.  By its execution of this Decree Hotspur represents that it has already conducted a separate training of one (1) hour in duration for its hourly and Human Resources employees about its policy against and complaint procedure for sexual harassment on April 4, 5, and 6, and June 27, 28, and 29, 2012.

3.   The training of managerial employees shall additionally include training on how to receive, investigate, or report to designated officials complaints of sexual harassment; and how to take preventive and corrective measures against sexual harassment.  The training of managerial employees shall also sensitize managers to subtle complaints of harassment; instruct managers of their responsibility to promptly inform the human resources department of all complaints, and instruct managers on the prohibition against retaliation.

4.   After the initial trainings described in paragraphs 2 and 3 of this section, Defendant Hotspur shall conduct annual training (once within every twelve (12) months thereafter for the term of this Decree) on EEO laws, obligations of managers and supervisors on EEO compliance, its policy against and complaint procedure for sexual harassment for its managerial employees and separate refresher training for its employees.

5.   For any employees who miss the scheduled training, Hotspur shall show a videotape of the scheduled training to these employees within 30 days of the scheduled training.

6.   All employees required to attain such training shall verify their attendance in writing.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

# X.    REPORTING OBLIGATION

A.    Record Keeping

Defendant Hotspur shall work with the Consultant to establish a record-keeping procedure that provides for the centralized tracking of complaints about sexual harassment.  The records to be maintained shall include:

1.    All documents generated in connection with any complaint, investigation into, or resolution of every complaint of sexual harassment for the duration of the Decree and the identities of the parties involved;

2.    All forms acknowledging each employee's receipt of Defendant Hotspur's revised policy and complaint procedure against sexual harassment;

3.    A list of the dates of the training required under this Decree that shows the names and positions of all attendees for each one.

B.    Reporting

Defendant Hotspur shall provide the following reports to the Commission in writing, by mail, e-mail or facsimile:

1. Within one hundred and twenty (120) days after the Effective Date and annually thereafter (with the last reporting one month before the end of the Consent Decree) for the term of the Decree, Defendants shall submit to the Commission the following:

a.    verification that the Notice (Attachment A) has been posted in compliance with the Consent Decree;

b.    verification of the distribution to Defendant Hotspur's employees of its policy against and complaint procedure for sexual harassment in compliance with the Consent Decree; and the employees' acknowledgments of the receipt of the policy and complaint procedure;

c.    a copy of Defendant Hotspur's schedule of training;

d.    the signed acknowledgments of the employees who have been trained in compliance with the Consent Decree;

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

10

e.      a summary report of Hotspur's investigations into any complaint about sexual harassment.  The investigation report shall include the following for each complaint during the reporting period:

(1).    the name, sex and title of the complaining party(ies);

(2).    the date of the complaint;

(3).    the name, sex and title of the alleged harasser(s);

(4)     the name and title of the person(s) who     conducted the investigation into the complaint;

(5)     the nature of the complaint (i.e. comments, acts, pictures, etc.)

(6)     the dates of the commencement and completion of the investigation;

(7)     a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(8)     the outcome of the investigation and any action taken; and.

(9)     whether previous sexual harassment complaints had been made regarding the alleged harasser(s). If so, the report should also include the outcome of the prior investigations.

2.      All reports under this Paragraph shall be directed to:  U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

3.      The Parties agree that upon receipt of the second annual report from Defendants, EEOC will review Defendants overall compliance with the terms of this

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

Decree.  In the event EEOC determines that Defendants have fully complied with all terms of the Decree, EEOC will provide notice and written confirmation to Defendants that this Decree shall expire two (2) years from the Effective Date, as opposed to the three (3) years specified above.

## XI.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF THE CONSENT DECREE

Defendants shall bear all costs associated with the administration and implementation of their obligations under this Decree, including the costs of the Monitor.

## XII.   COSTS AND ATTORNEY'S FEES

Each party shall bear its own costs of suit and attorney's fees.

## XIII.  MISCELLANEOUS PROVISIONS

A.     During the term of this Consent Decree, Defendants shall provide any potential successor-in-interest or prospective purchaser with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' facilities in Las Vegas, Nevada and shall simultaneously inform the EEOC of the same.

B.     During the term of this Consent Decree, Defendants and their successors shall ensure that each of their managers are aware of any term(s) of this Decree which may be related to his/her job duties.

C.     The parties agree to entry of this Decree subject to final approval by this Court.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

1          All parties, through the undersigned, respectfully apply for and consent to

2   the entry of this Consent Decree Order.

3

4   Dated: 10/31/12                    U.S. EQUAL EMPLOYMENT OPPORTUNITY
                                       COMMISSION
5                                      ANNA Y. PARK
                                       MICHAEL FARRELL
6                                      ELIZABETH NACCARATO

7
                                       By:
8                                      Anna Y. Park
                                       Regional Attorney
9                                      U.S. EQUAL EMPLOYMENT OPPORTUNITY
                                       COMMISSION
10

11  Dated:  October 25, 2012           HOTSPUR RESORTS NEVADA, LTD. dba JW
                                       MARRIOTT LAS VEGAS RESORT, SPA &
12                                     GOLF and HOTSPUR RESORTS NEVADA,
                                       INC.
13

14                                     By:
                                       Michael Gaughan, Jr.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

**ORDER**

GOOD CAUSE APPEARING,

    The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.


                            IT IS SO ORDERED.


Date: _November 10, 2012_       By: _____
                                   THE HONORABLE MIRANDA D. DU
                                   United States District Court Judge

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

## EXHIBIT A

### NOTICE TO EMPLOYEES

This Notice is being posted as part of the remedy agreed to pursuant to an agreement between the Equal Employment Opportunity Commission ("EEOC") and Hotspur Resorts Nevada, Ltd. d/b/a JW Marriott Las Vegas Resort, Spa & Golf operating as a franchise of Marriott International and Hotspur Resorts Nevada, Inc. (collectively referred to as "Hotspur") to resolve a civil action filed by the EEOC, Case No. 2:10-cv-02265-MMD-GWF. This notice shall not be defaced or removed and shall be posted in a  location accessible to and frequented by employees and applicants for employment, where notices/information concerning employment are typically posted. This notice will remain posted for three years from the date it is signed by the company's representative named below unless it may be removed earlier pursuant to agreement by the above-referenced parties.

**Federal Law** requires that there be no discrimination or harassment against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over), or disability with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment.  Unlawful harassment based on sex includes sexual harassment.  Hotspur will not tolerate unlawful discrimination or harassment in its workplace.

**Federal Law** also prohibits retaliation against any employee who files a charge of discrimination or who cooperates with the EEOC's investigation of a charge. The EEOC is committed to protecting employees who file charges, who complain about discrimination or who are witnesses during an investigation including, if necessary, further court proceedings.

It is the policy of Hotspur that neither its officials nor its supervisors will retaliate in any way against any employee or individual who has filed a charge, complained, participated or provided testimony in the course of an investigation.

It is also the policy of Hotspur to comply with all provisions of Title VII of the Civil Rights Act of 1964, as amended, Title I of the Americans With Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, as amended and the Equal Pay Act of 1963. If any employee is found in violation of this policy, he/she could be subjected to disciplinary action, up to and including dismissal.

Dated: October 25, 2012_____     By: _____

                                               Michael Gaughan, Jr.

**If you wish additional information or wish to report an instance(s) of what you**
**believe to be discrimination, please contact**
**Beverly Shields, Director of Human Resources**
**Or the U.S. Equal Employment Opportunity Commission at**
**(702) 388-5013**

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

15

**CERTIFICATE OF CM/ECF SERVICE**

I am, and was at the time the herein mentioned delivery took place, a citizen of the United States, over the age of eighteen (18) years.

I am employed in the Litigation Unit of the Los Angeles District Office of the United States Equal Employment Opportunity Commission. My business address is Equal Employment Opportunity Commission, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012. On the date that this declaration was executed, as shown below, the following individuals were served the foregoing: **CONSENT DECREE; ORDER,** via the Court's CM/ECF electronic filing service as follows:

Malani L. Kotchka
Lionel Sawyer & Collins
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
mkotchka@lionelsawyer.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2012 at Los Angeles, California.


  /s/ Anna Y. Park
Anna Y. Park

-1-